## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

DARRYL A. WAHLSTROM, as Personal          :
Representative of the Estate of           :
RICHARD HENRY BOWEN, JR.                  :
                                          :
                        Plaintiff,        :
                                          :       **Case No.** _____
vs.                                       :
                                          :
**UNITED STATES OF AMERICA**              :
                                          :
Serve:                                    :
    Office of the Attorney General        :
    Department of Justice                 :
    950 Pennsylvania Ave., N.W.           :
    Washington, D.C. 20530                :
                                          :
    U.S. Attorney's Office                :
    555 4th Street N.W.                   :
    Washington, D.C. 20530                :
                                          :
    Dept. of Health and Human Services    :
    Office of the General Counsel         :
    200 Independence Ave., SW             :
    Washington, D.C. 20201                :
                                          :
    U.S. Army Staff Judge Advocate        :
    Claims Division                       :
    4217 Roberts Ave.                     :
    Fort Meade, Maryland 20755            :
                                          :
                        Defendant.        :
                                          :

## COMPLAINT

1. Plaintiff Darryl A. Wahlstrom, as the Personal Representative of the Estate of Richard Henry Bowen, Jr., brings this cause of action for all damages allowable by law for the personal injuries and wrongful death of Mr. Bowen, caused by the negligence of the National Institutes of Health ("NIH") and Walter Reed Army Medical Center

("WRAMC"), both named in this suit as the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

2. An administrative claim was presented more than six months before the filing of this Complaint with the U.S. Army Staff Judge Advocate on behalf of WRAMC, and the U.S. Department of Health & Human Services on behalf of NIH. The claim has not been granted and therefore is deemed to have been denied.

3. This Court has jurisdiction over this case pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

4. On September 7, 2011, Mr. Bowen died after receiving a transfusion of platelets contaminated with Morganella bacterium at NIH's National Cancer Institute ("NCI") Clinical Center in Bethesda, Maryland.

5. Mr. Bowen had been enrolled in a research protocol for gastric cancer at the NCI/NIH Clinical Center.

6. On July 25, 2011, five days after surgery to remove the gastric cancer, Mr. Bowen was given the contaminated infusion of platelets.

7. The contaminated platelets originated from WRAMC in Washington, D.C., and were transported directly from WRAMC to the NCI/NIH Clinical Center in Bethesda, Maryland.  WRAMC's District of Columbia campus still had a functioning blood bank at that time, since closed and merged with the U.S. Navy Hospital in Bethesda.

8. Mr. Bowen went into septic shock after receiving the platelet transfusion, and never recovered.

9. The combined negligence of WRMAC and NIH, through their employees and agents, led to the administration of the contaminated platelets to Mr. Bowen before the contamination was discovered.

10. WRMAC negligently mislabeled the platelets sent to NIH as suitable for transfusion.

11. On July 25, 2011, at approximately 1:00 p.m., NIH tested these platelets, which came back at 1:30 p.m. as positive for bacterial contamination.

12. However, NIH had negligently given Mr. Bowen these platelets at approximately 1:15 p.m., before the test results showing that the platelets were contaminated.

13. The Defendant's negligence was the direct and proximate cause of Mr. Bowen's death and the injuries he suffered prior to his death.

14. Mr. Bowen experienced severe physical pain, emotional distress, anxiety, loss of enjoyment of life, and related injuries as a result of the Defendant's negligence.

15. Mr. Bowen would likely have survived at least an additional two years if he had not been administered the contaminated platelets.

16. The Defendant is therefore liable for the personal injuries and wrongful death of Mr. Bowen, and all damages his estate is entitled to as a matter of law.

17. Plaintiff demands judgment against the Defendant for $2 million, plus interest and costs.


Respectfully submitted,

Patrick A. Malone, Esq. (Bar No. 397142)
Daniel C. Scialpi, Esq. (Bar No. 997556)
PATRICK MALONE & ASSOCIATES, P.C.
1111 16th Street, N.W.
Suite 400

Washington, D.C. 20036
P: 202-742-1500
F: 202-742-1515
pmalone@patrickmalonelaw.com