UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRYL A. WAHLSTROM, Individually, and as Personal Representative of the Estate of RICHARD HENRY BOWEN, JR.<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Case No.:1:12-cv-01225 (RWR)<br>:<br>:<br>:<br>:<br>:<br>: |

## AMENDED COMPLAINT

### (Wrongful Death, Negligent Infliction of Emotional Distress)

1. Plaintiff Darryl A. Wahlstrom, as the Personal Representative of the Estate of Richard Henry Bowen, Jr., brings this action for all damages allowable by law for the personal injuries and wrongful death of Mr. Bowen, caused by the negligence of the National Institutes of Health ("NIH") and Walter Reed Army Medical Center ("WRAMC"), both named in this suit as the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

2. Plaintiff Darryl A. Wahlstrom also brings an individual claim for all damages caused to Mr. Wahlstrom by the Defendant's negligent infliction of emotional distress.

3. Mr. Wahlstrom resides at 7753 Timberview Ave., Kalamazoo, Michigan 49009.

4. Mr. Wahlstrom was Mr. Bowen's domestic partner, who lived with Mr. Bowen from 2003 until the time of his death, in a home that they owned together.

5. Mr. Wahlstrom was also Mr. Bowen's financial and healthcare power of attorney at the time of his death.

6. Mr. Bowen's healthcare providers at NIH were aware that Mr. Wahlstrom was Mr. Bowen's domestic partner and healthcare power of attorney.

7. An administrative claim was presented more than six months before the filing of the Complaint with the U.S. Army Staff Judge Advocate on behalf of WRAMC, and the U.S. Department of Health & Human Services on behalf of NIH. The claim was not granted.

8. This Court has jurisdiction over this case pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

9. On September 7, 2011, Mr. Bowen died after receiving a transfusion of platelets contaminated with Morganella bacterium at NIH's National Cancer Institute ("NCI") Clinical Center in Bethesda, Maryland.

10. Mr. Bowen was admitted to NIH on July 11, 2011, as part of a research protocol for gastric cancer at the NCI/NIH Clinical Center.

11. Mr. Wahlstrom was with Mr. Bowen every day during his admission to NIH.

12. On July 20, 2011, Mr. Bowen underwent surgery to remove his gastric cancer, including a total gastrectomy.

13. On July 25, 2011, five days after surgery to remove the gastric cancer, Mr. Bowen was given the contaminated infusion of platelets via an arterial line catheter.

14. Mr. Wahlstrom was with Mr. Bowen in the ICU when he received the platelet infusion.

15. Very shortly after the infusion, Mr. Wahlstrom observed that the site around the catheter became red and inflamed.

16. Mr. Bowen's treating doctors and nurses realized that something was wrong and discontinued the infusion.

17. Mr. Wahlstrom then observed Mr. Bowen start to undergo a very serious adverse reaction, which included severe rigors and a rapid decrease in blood pressure.

18. Mr. Wahlstrom was asked to step outside, but could still observe Mr. Bowen and his physicians through the glass door to the ICU.

19. Mr. Wahlstrom observed the physicians working aggressively on Mr. Bowen, at one point calling for a crash cart.

20. Eventually the blinds to the ICU were closed and Mr. Wahlstrom could no longer see the physicians working on Mr. Bowen.

21. Shortly thereafter, one of Mr. Bowen's physicians informed Mr. Wahlstrom that Mr. Bowen had received contaminated platelets, and that he had required aggressive measures to be resuscitated.

22. Mr. Wahlstrom was then allowed to see Mr. Bowen, who was unconscious and extremely bloated after receiving large amounts of fluids during his treatment for the contaminated platelets.

23. The contaminated platelets originated from WRAMC in Washington, D.C., and were transported directly from WRAMC to the NCI/NIH Clinical Center in Bethesda, Maryland.

24. WRAMC's District of Columbia campus still had a functioning blood bank at that time, since closed and merged with the U.S. Navy Hospital in Bethesda.

25. Mr. Bowen went into septic shock after receiving the platelet transfusion, and never recovered. In the weeks following the infusion, Mr. Bowen became more responsive, but with this came increased pain that required powerful pain medication. Mr. Bowen was not able to walk or talk again following the infusion, and had to communicate non-verbally and by mouthing words. However, Mr. Bowen was aware of his declining condition and was

scared and anxious in his final days. Finally, on September 7, 2011, Mr. Bowen died from a gradual multi-organ failure. Mr. Wahlstrom was with Mr. Bowen throughout his final hours, as his kidneys, liver, lungs, and heart failed, and finally after his ventilator was removed, Mr. Bowen stopped breathing and passed away.

26. The combined negligence of WRMAC and NIH, through their employees and agents, led to the administration of the contaminated platelets to Mr. Bowen before the contamination was discovered.

27. WRMAC had already tested the platelets and discovered that they were not suitable for infusion, but negligently mislabeled them and sent them to NIH.

28. On July 25, 2011, at approximately 1:00 p.m., NIH tested these platelets, which came back at 1:30 p.m. as positive for bacterial contamination.

29. However, NIH had negligently given Mr. Bowen these platelets at approximately 1:15 p.m., before the test results showing that the platelets were contaminated.

30. The Defendant's negligence was the direct and proximate cause of Mr. Bowen's death and the injuries he suffered prior to his death.

31. Mr. Bowen experienced severe physical pain, emotional distress, anxiety, loss of enjoyment of life, and related injuries as a result of the Defendant's negligence.

32. Mr. Bowen would likely have survived at least an additional two years if he had not been administered the contaminated platelets.

33. The Defendant is therefore liable for the personal injuries and the wrongful death of Mr. Bowen, and all damages his estate is entitled to as a matter of law, under the applicable wrongful death and survival of actions statutes.

34. Mr. Wahlstrom also suffered serious emotional distress after witnessing Mr. Bowen receive the contaminated platelets that caused an immediate and severe reaction, and led to over a month of declining health, ultimately ending with Mr. Bowen's death.

33. Mr. Wahlstrom demands judgment against the Defendant for $2 million total for all claims of the estate and his own claim, plus interest and costs.

Respectfully submitted,

/s/ Patrick A. Malone
Patrick A. Malone, Esq. (Bar No. 397142)
Daniel C. Scialpi, Esq. (Bar No. 997556)
PATRICK MALONE & ASSOCIATES, P.C.
1111 16th Street, N.W.
Suite 400
Washington, D.C. 20036
P: 202-742-1500
F: 202-742-1515
pmalone@patrickmalonelaw.com